UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNY LEWIS,

    Plaintiff,

  v.

DOMAINE DES BAUMARD, et al.,

    Defendants.

Case No. 14-cv-00471-TEH

**ORDER DENYING LEAVE TO AMEND**

At the November 7, 2016 case management conference ("CMC"), the Court granted Plaintiff Kenny Lewis's oral request for leave to file a fourth amended complaint to add Transo USA as a Defendant and to conduct jurisdictional discovery as to Transo USA. Transo USA was not present at the CMC and had no opportunity to oppose the request. After Lewis filed his amended complaint, Transo USA filed a motion to dismiss. Lewis opposed the motion, and the other Defendants filed neither oppositions nor statements of non-oppositions.

Upon review of a more full record, the Court agrees with Transo USA that sua sponte reconsideration of its order granting leave to amend is appropriate. "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Transo USA's motion to dismiss argues that the amendment is futile, but the Court need not reach those arguments because, upon reconsideration, it would not grant leave to amend even if the amendment would survive a motion to dismiss.

Counsel who were present at the November 7 CMC did not explain that two representatives from Transo USA had already been deposed on March 28, 2014, and that these representatives repeatedly testified that Transo USA was distinct from Transo, which was located in France. The representatives also testified in their depositions about the role

of Transo USA regarding the shipment at issue in this case. Lewis has therefore known about both the existence of Transo USA and its role in the incidents giving rise to this case since at least March 2014, but he nonetheless waited over two and a half years before requesting leave to amend the complaint, for the fourth time, to name Transo USA as a Defendant.

Lewis might argue that he attempted to name Transo USA in the second and third amended complaints ("SAC" and "TAC"), which included allegations against "TRANSO individually, as dba TRANSO USA, INC., and dba ALFRED BALGUERIE S.A.-TRANSO." However, this appears to have been nothing more than an improper attempt to re-introduce dismissed Defendant Balguerie into the case. The stated purpose of the SAC was to "correct[] the name of Balguerie d/b/a Balguerie-Transo to Transo d/b/a/ Balguerie-Transo"). Stip. for Filing SAC (ECF No. 30). The SAC and TAC also alleged that Transo was a French corporation with a headquarters address occupied by dismissed Defendant Balguerie. SAC ¶ 6 (ECF No. 32); TAC ¶ 6 (ECF No. 42); Oct. 14, 2015 Thomas Decl. ¶ 6 (ECF No. 53-1). Moreover, Lewis's counsel requested and received a summons to respond to the TAC for the following Defendant: "TRANSO individually, and dba TRANSO USA, INC., and dba ALFRED BALGUERIE S.A.-TRANSO; BALGUERIE dba BALGUERIE TRANSO." ECF No. 49. In response to this summons, Balguerie – which had been dismissed for lack of jurisdiction prior to removal – brought a motion to dismiss, which the Court granted. Jan. 15, 2016 Order (ECF No. 67). Lewis did not attempt to introduce Transo USA as a separate defendant until ten months later.

By contrast, Lewis has actively litigated this case against Defendants Vintus and Baumard for the past four years, nearly three of which have been in this Court. These parties have conducted twelve depositions, and Vintus and Baumard have stated their intent to file motions for summary judgment if their settlement offers under Federal Rule of Civil Procedure 68 are rejected. It is unclear whether the offers have been made or the deadlines to accept have passed, but Defendants indicated at the December 12, 2016 CMC that the Rule 68 offers were imminent. Thus, although no trial date or discovery cut-off

2

date has been set, this litigation is at an advanced stage. Transo USA would be unduly prejudiced by having to conduct discovery about an incident that occurred more than five years ago, especially when discovery, by the parties' own characterization, is otherwise mostly complete.

In addition, Lewis's counsel explained at the outset of the November 7 CMC that she was still evaluating whether it was worth spending money to bring Transo USA into the case. As this case approaches the dispositive motion stage, Lewis might have finally requested leave to amend out of concern that he might get no recovery from Vintus or Baumard. Such motive would be improper. *See Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398-99 (9th Cir. 1986) (affirming denial of leave to amend where the "motion to amend was brought to avoid the possibility of an adverse summary judgment ruling" and "allowing amendment would prejudice the [defendant] because of the necessity for further discovery"). Although the Court does not go so far as to make a finding of bad faith, the timing of Lewis's request does raise that specter.

For all of these reasons, the Court reconsiders its November 7, 2016 oral ruling and now DENIES leave to amend to add Transo USA as a Defendant. The Fourth Amended Complaint shall be deemed withdrawn, and Transo USA's motion to dismiss is therefore VACATED as moot.

**IT IS SO ORDERED.**

Dated: 01/25/17   _____
THELTON E. HENDERSON
United States District Judge